**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JENNIFER DAWN MCNEAL | CASE NO. 19-04272-NPO |

| | |
|---|---|
| SMILE STUDIO, PA | PLAINTIFFS |
| AND WILLIAM O. RIVES, II | |

| | |
|---|---|
| VS. | ADVERSARY PROCEEDING NO._____ |
| JENNIFER MCNEAL | DEFENDANT |

**COMPLAINT OBJECTING TO DISCHARGEABLILTY OF DEBT**
**OR IN THE ALTERNATIVE, TO THE DISCHARGE OF DEBTOR**

COMES NOW the Plaintiffs, Smile Studio, PA and William O. Rives, II (hereinafter referred to as "Plaintiffs"), and seeks to have a particular indebtedness from the Defendant to the Plaintiff determined to be not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(a) by filing this its Complaint requesting the denial of the dischargeablility of its indebtedness, or in the alternative objecting to the Discharge of the Debtor in the above referenced Chapter 13 case, and in support thereof, states the following:

Jurisdiction
I.

This action is a core proceeding over which the Court has jurisdiction under 28 U.S.C. § 157(b) and 1334, 11 U.S.C § 523, Bankruptcy Rules 4007 and 7001 et. seq., and the order granting automatic reference to this Court.

Parties
II.

That on or about December 3, 2019, Jennifer Dawn McNeal (hereinafter referred to as "Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code, being Case No.

19-04272-NPO.

III.

The Smile Studio, PA and William O. Rives are unsecured creditors of the Debtor.

IV.

James L. Henley, Jr., is the Chapter 13 Trustee of this bankruptcy estate.

Facts

V.

On or about December 20, 2017, the Debtor, Jennifer Dawn McNeal entered into an agreed *Promissory Note* with the Defendants The Smile Studio, PA and owner William O. Rives, II. The Plaintiff was the Debtor's employer at the time the Promissory Note was executed. The money was loaned specifically to help the Debtor pay off creditors to help the Debtor's financial condition. In the Promissory Note, the Debtor agreed to receive a loan of $40,000.00 to be repaid over 60 months at 6.00% interest with monthly payments of $773.31 starting January, 2, 2018. A copy of this *Promissory Note* is attached as Exhibit "A." At the time of filing the Debtor had defaulted on $27,339.00 principal balance still owed plus an additional $4,156.91 in late fees, interest, and no payment penalties.

VI.

The Debtor continued to make payments while employed by the Defendant, but immediately quit making payments as soon as she changed employers. At the time of getting the loan, the Debtor told at least one other employee that this loan was her insurance policy that the Plaintiff could never fire her because she would bankrupt the loan as soon as he did. However the Debtor was in fact looking for subsequent employment so she could in fact default on paying the Plaintiffs. At the same time Defendant quit her employment she quit making any payments to the

Plaintiff.  Accordingly the Debtor had not intention of paying the loan off in its entirety. Additionally the Defendant misrepresented to the Plaintiffs that she could not bankrupt this debt as she had too long before she could file a new bankruptcy case after filing for Chapter 7 bankruptcy on October 11, 2013 (Cause No. 13! 03100! ee).

VII.

That on December 20, 2017 in the Plaintiffs place of employment in Ridgeland, Mississippi when the parties agreed on this promissory note, the Debtor had no intention of actually performing the agreement.  Plaintiff alleges instead the Debtor fraudulently misrepresented to Plaintiff their agreement to these terms in order to keep secured creditors at bay.  Further the Debtor agreed to use the funds to pay off creditors including creditors that she is now paying through her Chapter 13 plan.

VIII.

Plaintiff would allege the Defendant committed fraud in the procuring of the loan from the Plaintiff through misrepresenting whether she would ever actually pay him back, what the funds were for, and whether she could file bankruptcy again.  Plaintiff maintains that had Defendant not told him that she was time barred from filing bankruptcy, he would not have agreed to loan the funds.  Therefore the Defendant knew at the time she acquired the loan that she would not pay of the Plaintiffs, that she could in fact bankrupt the debt, and that she would bankrupt the debt at such point she could find separate employment.

IX.

Accordingly the Debtor made (1) a representations of both her intent to repay this loan regardless of employment status, what the funds would go to, and whether or not she could file bankruptcy; (2) the statements were false; (3) the statements were material as the Plaintiffs would

not have loaned the funds without this information; (4) the Debtor knew the statements were false at the time she secured the funds from the Plaintiffs; (5) the Debtor intended the Plaintiffs to act upon the statements; (6) the Plaintiffs were unaware the statements were false; (7) the Plaintiffs reliance on its truth; (8) the Plaintiffs had a right to rely thereon these misrepresentations; and (9) the Plaintiffs were injured by the misstatements.

## COMPLAINT OBJECTING TO THE DISCHARGE
## OF DEBTOR PURSUANT TO 11 U.S.C. § 523

### X.

The Plaintiff is entitled to have its judgment amount be declared to be non-dischargeable, pursuant to 11 U.S.C. § 523(a)(2)(a) as the Debtor by either false pretenses or falsely represented her intention to pay the Plaintiff back, committed fraud in the Debtor's representation of the her ability to file bankruptcy in order to secure its indebtedness.

### XI.

Further the Plaintiff is entitled to have its judgment amount be declared to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(a) as the Debtor by either false pretenses or falsely represented to the Plaintiff her intent to repay the Plaintff when signing the Promissory Note.  Plaintiff alleges the Debtor had no intention to pay Plaintiff any amount she agreed upon in the Promissory and merely agreed to said terms to avoid collection from secured creditors.  Had Plaintiff known that the Debtor would default as soon as she could find a new job and that she could in fact declare bankruptcy, Plaintiffs would have never loaned the money in the Promissory Note.

## COMPLAINT OBJECTING TO THE DISCHARGE
## OF DEBTOR PURSUANT TO 11 U.S.C. § 727

### XII.

COMES NOW the Plaintiffs, and seeks to have Defendant denied a discharge pursuant to

11 U.S.C § 727 by filing this its Complaint requesting the denial of the dischargeablility of its indebtedness, or in the alternative objecting to the Discharge of the Debtor in the above referenced Chapter 13 case, and in support thereof, states the following:

XIII.

Plaintiffs incorporates by reference paragraphs I through IX herein.

XIV.

That in the alternative, the Debtor is not entitled to a Discharge pursuant to 11 U.S.C § 727(a)(4)(c) as Plaintiffs alleges that the Debtor has fraudulently received money in connection to this bankruptcy case by fraudulently misrepresenting her ability to file this case in violation of 11 U.S.C § 727(a)(4)( c).

WHEREFORE, PREMISES CONSIDERED, Smile Studio, PA and William O. Rives, II respectfully requests that this Court enter an order denying the dischargeability of the debtor's debt with Smile Studio, PA and William O. Rives, II , or in the alternative to the Discharge of the Debtor, and for such other relief as deemed just.

This the 16yh day of March, 2020.

        Respectfully Submitted
        Smile Studio, PA and William O. Rives, II

BY:   s/ George C. Nicols
        GEORGE C. NICOLS

_____
GEORGE C. NICOLS (MSB # 101961)
ATTORNEY AT LAW, PLLC
P.O. BOX 12282
JACKSON, MS 39236
(601) 853-1061
(601) 853-2878