_____



**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: February 23, 2021**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **JENNIFER DAWN MCNEAL** | **CASE NO. 19-04272-NPO** |

| | |
|---|---|
| **SMILE STUDIO, PA** | **PLAINTIFFS** |
| **AND WILLIAM O. RIVES, II** | |

| | | |
|---|---|---|
| **VS.** | **ADVERSARY PROCEEDING NO.** | **20-00016** |

| | |
|---|---|
| **JENNIFER MCNEAL** | **DEFENDANT** |

**AGREED FINAL JUDGMENT**

**THIS MATTER** came for the Court's consideration on Smile Studio, PA and William O. Rives, II's Complaint [Docket No. 29; Adversary Docket No. 1] requesting this Court find the debts owed to the Plaintiffs concerning the promissory note entered into between the parties be declared non dischargeable. Before the Court could issue a ruling the parties reached an agreement. The Court having considered same and approving of the agreement, the Court does hereby find as follows:

1.

That the Court has jurisdiction over this proceeding and the parties herein.

2.

That the Plaintiff and Defendant agree that thirteen thousand two hundred and fifty dollars ($13,250.00) of the debt related to the promissory note of the parties shall be deemed and hereby ordered non-dischargeable.  The Defendant Jennifer McNeal further agrees to pay unto Smile Studio, PA and William O. Rives, II's what remains from this amount upon the conclusion of her chapter thirteen case and receiving her discharge.  The Defendant shall be credited towards this final amount from any monies the Trustee pays towards the Plaintiffs in accordance with the Plaintiff's proof of claim.  Defendant agrees to make monthly payments of at least one hundred dollars a month on the first of each month, starting the first day of the month after receiving her discharge.  Should the Defendant fail to make a payment by the fifth of any month once payments begin, the full amount due and owing shall be subject to earn interest at the amount of eight percent (8%) per year of the total amount owed until paid in full.  Upon completion, his obligation is terminated as to the December 20, 2017 Promissory Note with Smile Studio, PA and William O. Rives, II.   Each party is responsible for their own respective attorneys fees.

3.

That this debt owed to  Smile Studio, PA and William O. Rives, II connected to the December 20, 2017 Promissory Note with  Smile Studio, PA and William O. Rives, II is non dischargeable pursuant to 11 U.S.C. § 523(a).  Failure to make the scheduled payments will open the Defendant to subsequent proceedings in this or another court for breach of this agreement.  Furthermore the Defendant is still entitled to a discharge from creditors not involved in this suit pursuant to 11 U.S.C.  § 727.  This agreement does not bar the Defendant from volunteering to pay part of the discharged debt should she decide to do so.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Plaintiffs shall file an

amended proof of claim with this court removing the one hundred and seventy five dollars ($175.00) for drafting the proof. The remaining allegations of the Defendant's Objection to Proof of Claim iX are (NPO) denied with prejudice. Plaintiffs shall submit this amended proof within fourteen (14) days of the entry of this final order. The parties present to the Court that all other issues and relief sought in the Defendant's objection to proof of claim [Docket No. 30] are moot and this order shall serve as a final ruling on this objection.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Debtor agrees to pay Smile Studio, PA and William O. Rives, II $13,250.00, less what is received through payments to the Plaintiffs from her bankruptcy estate through the Trustee's office, in monthly installments of $100.00 dollars, that the debt owed to Smile Studio, PA and William O. Rives, II by the Defendant is non dischargeable and upon completion of the payments the Defendant's obligation is terminated as to the December 20, 2017 Promissory Note with Smile Studio, PA and William O. Rives, II .

**IT IS HEREBY FURTHER ORDERED** that this *Judgment* constitutes a *Final Judgment* and upon the Court's approval of this Final Judgment, the parties maintain to the Court that all other issues sought in the complaint are moot. Therefore this adversary cause is dismissed with prejudice.

## END OF ORDER##

SUBMITTED BY:  AGREED:

/s/ George C. Nicols  /s/ Thomas Carl Rollins, Jr.
George C. Nicols (MSB # 101961)  Thomas Carl Rollins, Jr., esq.
Attorney for Copiah Bank  The Rollins Law Firm, PLLC
P.O. Box 12282  774 Avery Blvd N
Jackson, MS 39236  Ridgeland, MS 39157
601-853-1061  601-500-5533